the fourth district appellate court of the state of illinois has now convened the honorable james a connect presiding this is the people of the state of illinois versus devoe randall 4 180479 would the appellant state your name for the record yes name is christopher evers of the office of the state appellate defender for mr devoe randall thank you sir and would council for apple leaf please state your name for the record kathy shepherd with the appellate prosecutor's office very good you may proceed thank you your honors i'd like to reserve a two minutes rebuttal at the end of the state's argument and today i plan to focus my arguments uh or rustling the briefs for argument two way which is that council was uh not providing reasonable assistance when he failed to ask the wadir about gang bias or potential bias towards gang activities and our our alternative argument the court disagrees with the other issues we've raised he should receive a new uh new sentencing hearing i want to focus on the prejudice that mr randall suffered at his trial when officer hooker and detective whitmore were allowed to testify of their lay opinion identification of mr randall as the man inside the car bar as seen on the surveillance video even though they were in no better position the jury to reach that conclusion or decision at all uh in addition that prejudice was then compounded when the council had provided unreasonable assistance by not seeking to redact the interrogation video at least the second half of it that was shown to the jury where detective whitmore again even though mr randall consistently denied any involvement in the shooting that uh he was the shooter six separate times and calling him aggressively a liar throughout the last part of that that hearing now as to the first issue on the lay opinion testimony the illinois supreme court in thompson has made very clear that yes a law enforcement officer can give lay opinion identification testimony if they have some interaction with the defendant that makes their familiarity um helpful to the jury in reaching that opinion and if certain procedures are put in place to make sure that the jury is instructed properly specifically that they don't have to put any weight in that officer's testimony testimony about the identification and are not to draw any kind of adverse inferences that it's an officer testifying about the identification there is no dispute uh procedures in thompson were not used at all in this present case there's no dispute that officer hoker detective whitmore had no knowledge or familiarity with mr randall at all at the time of the shooting and certainly during their first viewing of the surveillance video the only familiarity that appears from detective whitmore is the eight minutes of the interview that he took place with mr randall that was ultimately played for the jury uh specifically um in the recent decision of stits from the first district finding that there is first pronged plain error when lay opinion testimony is improperly admitted in a closely balanced case and that's what we do have here and that's the was the focus of the later part of that argument is that while it wasn't preserved for review plain error and ineffective to the council means this court should reach the merits of this issue uh and it was closely balanced as the for first pong plain error analysis because there was very limited evidence about the key issue of the error the officers testified to their identification of who was inside the car wash saying that was mr randall and the evidence for that is the 53 seconds of that surveillance footage no person present at that shooting identified mr randall as the shooter and in fact an eyewitness uh jason milan told the officers the morning of the shooting that another man dontavious williams was in fact the shooter he had been wearing a red shirt there was a red cloth around his mouth his mouth and that she knew him from the tattoos on his forehead no physical evidence also was match uh mr randall were connected to the shooting and the only evidence of inside the car wash the jury was able to consider during its deliberations were two exhibits presented by the state people's exhibits 21 and 22 both still photographs of that surveillance photo uh exhibit 22 is from the rear and basically cuts off at the head exhibit 21 is a photo from the front but is here cuts off the head from the top up all you see is red cloth nothing that the jury was able to deliberate had any facial features of the man inside that car wash which shows that the error here is difficult and why it's closely balanced is because all the jury had to go on with some of the video footage they were walked through and then the opinions of these two officers that it was mr randall was the shooter and that was what they had to decide and that inadmissible testimony when the officers were in no better position um means that this beats first prong playing air and that makes probably put a thumb on the scale for the jury of making the decision because what they had to reach now in stits also was a closely balanced case primarily because there the detective narrated surveillance video saying that he saw the defendant running away from a house where shooting took place with a gun in his hand the evidence linking the defendant to that shooting was certainly gunshot residue on his hands and another eyewitness saying that they throwing a gun out the window that was still closely balanced as it went on to the key thing of identification and unlike in thompson where the court ultimately found there was a harmless error here that's because the man confessed yes there shouldn't have been testimony admitted at that trial from the officers because the procedures to protect uh and no bias or or kind of damage to the defendant uh were put in place but the man confessed and so there wasn't really uh an issue for the court there we don't have that situation here counsel would you agree that most of the narration was based on what could be viewed as identifying factors or factors of similarity and wasn't it true that during that examination or that narration that only once did the officer slip and identify and say that was the defendant i'll use that yes your honor there was a lot of testimony properly about characteristics and we're not taking issue with that detective as if the officer was being careful absolutely and that's kind of showing us that they they knew they couldn't give their opinion and the fact that it came in anyways detective whitmore there's four things identified uh in our briefing for that too but he does say in his direct testimony the defendant walked through the car wash well clearly the defendant is mr randall on both of those redirect examinations he says mr randall or the defendant again so those three times and why that's prejudicial because it's those are basically bookended between the interrogation video which is the purpose of our second argument about unreasonable assistance of not seeking to redact that is that the jury heard detective whitmer's present opinion in direct and on redirect mr randall is the man inside that car wash then they got to watch the in between that the interrogation video where the first four minutes we take no issue with there is information coming out from mr randall that he wasn't there he went to his cousin's house gave the address the names but all that's established by the fourth minute by the end of the within four minutes the last half is detective whitmore becoming more aggressive accusing him you are the shooter that's you pointing down to his phone which has a photograph taken from the surveillance video from inside the car wash and aggressively calling him a liar so they heard unlike is that unusual for an interrogation to be aggressive no not at all but what whitfield discussed the recent decision from this court in whitfield and discussing our authority of hartem on is that just because the officer is saying it over again it's admissible if there's appropriate value then that's focused on the detect on the defendant's changing demeanor or changing story or new information that changes or attacks or contradicts mr randall consistently said he was not involved all of that information saying that he wasn't involved or was present for a while but left the gas station was in the first four minutes nothing in that last four minutes he continued to say that through this aggressive accusatory interrogation absolutely your honor and that's exactly counsel have decided that that was helpful he didn't waiver at all that is true your honor and but the idea and what hardeman shows is that there's no problem it's the weighing of the admissibility there and why it's unreasonable is why have the detective bolster the state's case from before he even met uh mr mr randall accuse him of being a liar uh there's not a tactical reason that that helps the case he had already denied his involvement the fact that he repeats it in the face of more aggressive questioning is what hardeman found to be so prejudicial when there's zero probative value from the state the state doesn't even reference the last half of that video interrogation in its closing arguments or its rebuttal arguments and only talks about that mr randall said he was at the gas station which was established for the defendant well your honor that's that's the argument we're making here is that it isn't probative to defend it he denied it he was consistent in his consistent denials in the face of this aggressive interrogation would suggest that he's telling the truth i mean a defendant or a defense attorney could rationally consider that that's i guess but that can be brought up by asking the detective did he ever admit something no it's showing the officer there's no value of showing him denying it and getting the bolster the state's case especially when this the identity was the only kind of issue of who was the man in that car which i understand i think your your honor's question there but that's why we're calling it unreasonable if he wants to show that his his client never wavered that was already brought up and could have been asked to the to the detective he never wavered why let the video come isn't that even more dramatic if you see the defendant he's totally unimpressed by the and he seems very comfortable with denying it i wouldn't even there if i was a defense attorney i might think i might think that's not bad that's the equivalent of him testifying to that well but i would encourage hardeman as this court discussed in whitfield takes the opposite view of that is that is way probative versus highly prejudicial highly prejudicial doesn't help your client because the attorney might have thought that was a good idea hardeman says it's not a good idea whitfield which had different facts where the man changed his story and talked about hurting this child kind of takes the same idea he did change that came in but the idea is that was could have been redacted counsel didn't even attempt to keep it out uh never really argued that at all that's his theory he certainly didn't try to use analyze it in his closing argument and so we are arguing that that's ineffective assistance of counsel because it's unreasonable and it prejudiced uh mr randall because they the jury got to hear from detective whitmer of his past impression his opinion um which the jury was never instructed about there was a jury instruction saying there was evidence the defendant made statements and they should you know weigh if he made them and how much weight to put on them but no such limiting instruction was given to the jury about that interview from detective whitmore what he said accusing him of being a liar and that he was there six separate times i get very ahead of myself and sometimes blur out little words there quickly there but mostly what it comes down to is that identification of the man inside the car wash was the key evidentiary issue at this trial um the detectives detective whitmore officer hoker testified that mr randall was that man they had never met him before his face was obscured in the photos they gave to the jury and the reason why they spent so much time as your honor mentioned about the characteristics is that they were trying to hold the line about what they wanted the jury to reach the conclusion but they stepped over that line when they gave their opinions multiple times and counsel was not providing reasonable assistance that prejudiced mr randall when he let that video or at least didn't challenge that video going in for the last four minutes that had no probative value and just reinforced the state case the with that your honors i certainly said i was going to rest my briefs on the other two issues i'm happy to answer any questions this of the court may have about those um but otherwise i would then step back move my stuff and let the estate to present its argument i don't think there are any other questions and thank you and we'll hear from you on rebuttal okay thank you sir shepherd may it please the court and counsel um the the opposing counsel's argument about the precautionary procedures uh described in thompson was made for the first time as reply brief um it's therefore not properly before this court is forfeited um it's also uh forfeited for the reasons that it was not raised in the trial court defendant never asked for these procedures in the trial court he can't establish plain error and in fact does not argue plain error as to this issue uh because in his reply brief which again it's that argument is not properly before this court he mentions plain error only in his parenthetical description of stits um he couldn't establish plain error also because the same reasons he can't establish plain error or ineffective assistance as to the arguments that he does raise properly in his opening brief and that is because the evidence of his guilt is overwhelming um as whitmer testified and is shown in the surveillance video and stills and his clothing was in fact distinctive among the many people depicted in the video from the 16 surveillance cameras of different areas of the store lot and car wash no one but defendant was wearing his shoes with distinctive markings and the nike swoosh on their velcro straps as well as his baggy black shorts his red shirt white writing on the chest logos on the sleeves the outline of an undershirt underneath it and his wristband on his right wrist uh the footage in the stills of the man in the car wash so show that he's wearing the same clothing as defendant including his distinctive shoes except that his red shirt is around his neck as he walks toward the car wash entrance before the shooting and is wrapped around his face as he walks back through through the car wash after the shooting and the footage from a different camera just outside the car wash also shows the man wearing a white undershirt with the same neckline as that shown under defendant's red shirt something right around his neck and a wristband on his right wrist as he points a gun in his right hand there's footage from another camera which shows the victim standing with two men who were designated suspects two and three who ducked and ran hucker or defendant um hawker testified that that that within seconds after the man in the car wash who is designated suspect one walked out of the car wash and turned eastbound facing the victim and the others we also have the video of course of defendant's interview with whitmer and in that video in portions that defendant does not object to he agreed that he was at the scene he was depicted in photos that whitmer showed him from the surveillance video which showed his distinctive shoes and his distinctive other clothing the jury could also view defendant's features and build in court and in the video and see that they were the same as those of the man wearing defendant's distinctive clothing in the video so as also as the evidence showed the prosecutor argued that the jury enclosing argument in order to find the defendant was not the man in the car wash the jury would have to find that another black male wearing the same clothing and distinctive shoes that defendant and no one else in the footage captured by the many surveillance videos was wearing appeared in the minute and 27 seconds between the time defendant walked off the lot toward the car wash exit and the time that the man was walking through the car wash so the evidence was not closely balanced defendant cannot establish plain error as to any of his arguments or that defense counsel is ineffective because he can't establish prejudice there also was no error now a lot of the defendant's arguments depend on his characterization of the record which the state would submit is not supported by the record hocker did not give lay opinion identification testimony he was very careful to testify the defendant was the man in the car wash he did not testify the defendant was the man in the car wash or otherwise identify him but refer to him only in the video as suspect one and in the testimony the defendant challenged whitmer testified that the man in the car wash wore clothing that matched the clothing defendant wore and that was not worn by anyone else on the premises leading whitmer to conclude that we essentially identified our shooter now in his reply brief uh defendant raises another argument that he didn't raise in his opening brief he says that um what he objects to he asserts error in whitmer's testimony that the surveillance video showed jaron milan firing a handgun at defendant as he's exiting car wash nowhere in defendant's opening brief did he assert any error in that testimony um defendant can't raise or gain relief on that new argument in his reply brief um so his characterization of the the detective's testimony as giving an opinion that defendant was a man the man in the car wash it's just not supported by the record um they properly if this court was to analyze it according to thompson and uh the standards for um examining um opinion identification testimony uh it would find that it was properly admitted so also as to the the interview of defendants uh whitmer did not say the defendant was the man in the car wash and to the extent that he said that he was lying or that was you that was uh what this court and the supreme court has properly or recognized as proper interrogation um and in fact if the jury looking at that interview and any viewing of that would reveal that uh defendant's denials were as to uh whitmer saying that's you meaning that's you in the pictures that he was showing um defendant and as we detailed in our brief there was a lot that was uh the jury was uh able to hear and the defendant does not so defendant could not have been prejudiced by the admission of uh of that and defense counsel was not ineffective in failing to seek redaction of those portions of the interview um see basically defendants uh assertions of error are not error and he's not prejudiced um let's see we basically stand on our on our brief our assertions in our brief our arguments in our brief um unless the court has any questions i would simply ask that you affirm see no questions thank you thank you very briefly um every assertion made in the reply brief about the statements that were in the missile lay opinion testimony were mentioned and cited in the opening brief there's no waiver there those are the exact same statements this detective whitmer says uh that's mr randall uh it says that's the defendant that's the only people we're talking about officer hoker says there was record page 220 uh 25 uh after looking at this uh after looking at all this there was only one suspect for the shooting of marlon dishman that was suspect one suspect one was mr randall mr randall was the suspect was the shooter that's what we're talking about um as to the the state's statement saying it's overwhelming evidence this isn't a sufficiency challenge it's going to the closeness of sufficient evidence for the very precise legal issue that's the error the admission of the identification testimony and that is about the man inside the car wash seen on the surveillance footage the testimony of those officers certainly goes to that and it is closely balanced because yes there's testimony of characteristics there's no doubt about that and we haven't raised a sufficient challenge because yes the jury could find in the light most favorable to the state all the evidence that it was him but that's not what we're talking about we're talking about a very precise error and it's closely balanced as to that um counsel surely didn't uh reserve or preserve this for appellate review that's why we brought up plain error and ineffective assistance of counsel to say that thompson that was cited in the opening brief is not something that can be argued about when that literally is the law of the state and how to deal with lay admission testimony that argument hasn't been waived counsel was ineffective for not preserving it he would have preserved it by going through thompson it's plain error because thompson wasn't done correctly and wasn't objected to by the by defense attorney and finally as the proper interrogation in the video of course your honors will watch it for yourself um there's nothing new in the last four minutes that goes to appropriate value at all and it's not a matter of it's a proper interrogation to be aggressive and accuse someone of lying they can do that it's not admissible however if it's so prejudicial and there's no probative value and that's what we're arguing here it was unreasonable assistance not to keep that away from the jury and for those reasons your honor we'd ask that you reverse the conviction and send it back for further proceedings thank you thank you counsel we'll take the matter and advise